RECEIVED
APR 30 2025
NY PRO SE OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

CV 25 2405

| | | |
|---|---|---|
| KAREEMA NEVELS<br>    Plaintiff | ) JURY TRIAL DEMANDED<br>)<br>) | LOCKE, M. J. |
| v. | ) Case No.<br>) | F I L E D<br>IN CLERK'S OFFICE<br>U.S. DISTRICT COURT E.D.N.Y. |
| EQUIFAX INFORMATION<br>SERVICES, LLC<br>    Defendant | )<br>)<br>)<br>) | ★   APR 30 2025   ★<br><br>LONG ISLAND OFFICE |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Kareema Nevels, respectfully alleges the following:

**PRELIMINARY STATEMENT**

The Fair Credit Reporting Act (hereinafter FCRA) regulates consumer reporting; Congress enacted the statute to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy. One of the problems with the credit reporting industry that Congress recognized and sought to remedy with the FCRA was that a consumer is not always given access to the information in their file. The FCRA also promotes transparency of the credit reporting system to consumers in many ways, including by generally requiring that consumer reporting agencies disclose to the consumer reporting agencies disclose all information to consumers information in the consumers file upon request. Under section 609(a), a consumer reporting agency (hereinafter CRA) must upon request, clearly and accurately disclose to the consumer all information in the consumers file at the time of request and the sources of information. This

1

requirement applies to all Consumer Reporting Agencies. The FCRA defines a consumer file as all information on that consumer that is recorded and retained by a CRA, regardless of how the information is stored. File disclosure requirements in Section 609(a) are central to the statutes accuracy, fairness and privacy in the consumer reporting system.

## I.   INTRODUCTION

1.   This is a civil action for actual damages, statutory damages and punitive damages brought by Kareema Nevels (Plaintiff), an individual consumer, against Defendant, Equifax Information Services, LLC (hereinafter Equifax) pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 et seq. (hereinafter "FCRA"). The FCRA requires consumer reporting agencies, such as Equifax, to provide consumers with their complete file disclosures upon request.

## II.   JURISDICTION AND VENUE

2.   Jurisdiction of this court arises under 15 U.S.C. §1681(p) and 28 U.S.C. 1331 because the complaint alleges a federal claim and requires the resolution of substantial questions of federal law. The venue in this District is proper before the court in that the Defendant, Equifax transacts business in West Babylon, New York, and the conduct complained of occurred in West Babylon, New York.

## III.   PARTIES

3. Plaintiff Kareema Nevels (hereinafter Plaintiff) is a natural person and "consumer" as defined by 15 U.S.C. §1681a(c), residing in West Babylon, New York.

4. Defendant, Equifax Information Services, LLC is a 'consumer reporting agency' as defined by 15 U.S.C. §1681a(f).

5. Upon information and belief, Equifax is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing "consumer reports" as defined by 15 U.S.C. §1681a(d) to third parties bearing the consumer's credit-worthiness, credit standing, or credit capacity.

6. Upon information and belief Equifax compiles consumer information and provides consumer reports.

7. Equifax's principal place of business is located at 1550 Peachtree Street NE, Atlanta GA 30309.

8. Upon information and belief Equifax's registered agent is Corporation Service Company located at 80 State Street, Albany NY 12207.

## IV.   FACTS OF THE COMPLAINT

9. On March 13, 2025, Plaintiff sent Equifax a written request for a complete disclosure of all information in Plaintiff's consumer file as maintained by Equifax, as permitted under 15 U.S.C. §1681g(a).

10. This request included proper identification (copies of Plaintiff's driver license, social security card, and a current utility bill) and was sent via United States Postal Service (hereinafter USPS) with tracking # 9589 0710 5270 1230 1019 46.

11. On or about, March 17, 2025, USPS marked tracking # 9589 0710 5270 1230 1019 46 as delivered and available at 12:58 pm.

12. Equifax responded to Plaintiff's March 13th letter with a letter stating "**We received a request for a copy of your Equifax credit report; however, we need additional information to verify your identity and address. To help us fulfill your request please send us a letter with your full name, social security number, current address, and your date of birth. Please also include a copy of a document verifying your identity, your social security number and a copy of a document verifying your address**".

13. Plaintiff's written request to Equifax which included proper identification was clear, explicit, and specified in detail exactly the specific sections of the FCRA that requires Equifax to provide a full consumer file disclosure at least once every twelve months at no cost when requested.

14. March 13, 2025 was the Plaintiff's first ever request to Equifax requesting a full consumer file disclosure.

15. Plaintiff is required to do two things to obtain a consumer full file disclosure which Plaintiff did comply with by 1) making a request and 2) providing proper identification.

16. On March 26, 2025 Plaintiff sent Equifax a second request for Plaintiff's full consumer file disclosure and again included copies of proper identification (copies of Driver License, Social Security Card, and a current utility bill) and sent this written request via USPS certified mail with tracking # 9589 0710 5270 1230 0993 66.

17. USPS updated tracking # 9589 0710 5270 1230 0993 66 as delivered on April 3, 2025 at 1142 am.

4

18. On April 12, 2025 Plaintiff received what appeared to be a standard credit report from Equifax., not the complete file disclosure that was requested by Plaintiff and required pursuant to 15 U.S.C. §1681(g)(a)(1).

19. At no time did the Plaintiff request a copy of Plaintiff's credit report, Plaintiff specifically stated that Plaintiff's request for full consumer file disclosure was pursuant to 15 U.S.C. §1681(g)(a)(1).

20. Violations thereto are documented and are in possession of Plaintiff.

21. Despite Plaintiff's valid request, Equifax failed to provide Plaintiff with all information in Plaintiff's file that was maintained at Equifax and could be disclosed to third parties. Specifically, Equifax withheld or failed to include:

   a. Internal or archived account data

   b. Suppressed or obsolete account data

   c. Proprietary or third-party data used in risk assessments

   d. The names of entities to whom Plaintiff's information was provided

   e. Other data used in decision-making that is required to be disclosed under 15 U.S.C. §1681g

22. Upon information and belief, Equifax maintains significantly more information about the Plaintiff than what was provided in the standard credit report, including but not limited to historical addresses not reflected in credit report, employment information, soft inquiries, negative codes that are disseminated to perspective insurers, creditors, or employers which directly affect how those perspective employers, insurers and creditors would view Plaintiff in terms of ratings for insurance policies, providing employment opportunities, or granting credit.

5

23. This undisclosed information has never been provided to Plaintiff thereby denying Plaintiff the opportunity to examine information therein for completeness and accuracy. This undisclosed information could be blatantly false and Plaintiff has been denied access to information contained in Plaintiff's full file Equifax constantly disseminates this information to 3rd parties without Plaintiff's knowledge and has illegally and purposely concealed the contents of Plaintiff's full file from Plaintiff.

24. As a result of Equifax's failure to provide a full file disclosure, Plaintiff was deprived of their federally protected right to access their complete consumer file.

25. Equifax failed to comply with 15 U.S.C. §1681g(a) which requires credit reporting agencies including Equifax to "clearly and accurately disclose to the consumer" all information in the consumer's file at the time of request.

26. Plaintiff has suffered actual damages as a result of Equifax's failure to provide a complete full file disclosure including but not limited to:

   a. Plaintiff has suffered improper denial of credit as a result of information contained in Plaintiff's file which Plaintiff has been unable to view for completeness and accuracy.

   b. Plaintiff has been subject to higher interest rates due to inability to identify and accurately dispute information that would have been revealed in a complete file disclosure.

   c. Plaintiff has suffered time loss and inconvenience in attempting to obtain file disclosure.

   d. Costs with making repeated requests for complete file disclosure.

e.  Emotional distress including anxiety, frustration, and helplessness due to Equifax's failure to provide legally mandated information crucial to the Plaintiff's well-being.

27. Equifax's conduct was willful and in reckless disregard of Plaintiff's rights under the FCRA.

## V. FIRST CLAIM FOR RELIEF
## 15 U.S.C. § 1681g(a).
## EQUIFAX INFORMATION SERVICES, LLC

28. Plaintiff re-alleges and reincorporates all previous paragraphs.

29. Defendant violated the FCRA.

30. Defendant failed to comply with 15 U.S.C. § 1681g(a) of the FCRA by repeatedly failing to comply with Plaintiff's requests for consumer full file disclosure upon request.

31. As a direct and proximate result of Defendant's actions, Plaintiff suffered actual damages including frustration, stress, emotional distress, and loss of the ability to ensure the accuracy of their credit data.

32. Defendant was negligent and willful at all times.

## VI. JURY DEMAND AND PRAYER RELIEF

WHEREFORE, Plaintiff, Kareema Nevels respectfully requests a jury trial and requests judgment be entered in favor of Plaintiff and against the Defendant, for the following:

A. Actual or Statutory damages pursuant to 15 U.S.C. § 1681n(a)(1).

B. Actual damages pursuant to 15 U.S.C. §1681o(a)(1).

C. Costs pursuant to 15 U.S.C §1681n(a)(3) and 15 U.S.C. §1681o(b).

D. For such other and further relief as the court may deem just and proper.

Respectfully submitted:

*/s/ Kareema Nevels*

Kareema Nevels
91 Chelsea Avenue
West Babylon, NY 11704
646-246-9915
Knevels78@gmail.com